IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **GIOVANI PALMA-ABARCA aka GIOVANNI PALMA, JORGE REYES MENDEZ,**<br><br>    **Petitioner,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>    **Respondent.** | **ORDER**<br><br><br>Case No.  2:05CV974 DAK |

  This matter is before the court on Giovani Palma-Abarca's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On December 8, 2004, Petitioner pleaded guilty to violating 8 U.S.C. § 1326 (Reentry of a Previously Removed Alien). On March 28 2005, the court sentenced Petitioner to 57 months in prison and 36 months of supervised release.

  Petitioner challenges his sentence as unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) because the court–rather than a jury–determined that Petitioner had been previously deported after an aggravated criminal conviction.  Petitioner also contends that his counsel was ineffective because she failed to file a direct appeal.

  In his Statement By Defendant In Advance of Plea, filed December 9, 2004, Petitioner admitted the following facts:

1

1. I am not a citizen or national of the United States. I am a native of Mexico.

2. I was removed form th United States on or about August 12, 2002.

3. After my removal, I knowingly reentered the United States an on September 1, 2004, I was knowingly present and was found in Juab County, Utah.

4. I reentered the United States without the consent of the Attorney General of the United States or the Secretary of th United States Department of Homeland Security, and I have not since obtained the permission to reenter.

5. My previous convictions include, but may not be limited to, the following: On April 4, 1997, California Municipal Court of San Diego, Assault with a Firearm on a Person, a felony . . . . On January 8, 2001, Superior Court of California, two counts of Inflicting Corporal Injury to Spouse/Co-habitant, two counts of Assault by Means to Produce Great Bodily Injury, Making a Terrorist Threat, and Dissuading a Witness fro Reporting a Crime . . . .

## DISCUSSION

In *United States v. Dorris*, 236 F.3d 582 (10th Cir. 2000), a criminal defendant appealed his sentence, arguing that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his prior convictions must be charged in an indictment and proven to a jury beyond a reasonable doubt. In *Dorris*, the Tenth Circuit noted that *Apprendi* carved out an exception for prior convictions and that "use of a prior conviction to increase a defendant's sentence does not implicate the same concerns as other sentencing enhancements because the defendant's previous conviction was accompanied by all the procedural safeguards required in a criminal prosecution." *Dorris*, 236

F.3d at 587-88.  Thus, the Tenth Circuit determined that the "fact" of prior convictions need not be charged in an indictment and proven to a jury.

In *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), the Tenth Circuit addressed whether its decision in *Dorris* remained good law in light of *Booker*.  The Tenth Circuit recognized that *Booker* confirmed the prior conviction exception, stating:

> we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt

*Id*. at 1223 (quoting *Booker*, 125 S. Ct. at 756).

The Tenth Circuit also addressed whether a characterization of a previous felony as "violent" is a fact that must be charged in an indictment and either admitted by the defendant or problem to a jury under a "beyond a reasonable doubt" standard.  The court concluded that "[b]ecause determining whether a given felony constitutes a 'violent felony' is a question of law and not fact, the Sixth Amendment does not require that determination to be made by a jury." *Id.* at 1225.  The court determined "for similar reasons that *Apprendi* and *Booker's* exception for prior convictions subsumes inquiries into whether a given conviction constitutes a 'violent felony.'" *Id.*  Accordingly, "[i]t is a question of law whether a felony meets the statutory definition of a "violent felony," and such a question does not trigger the Sixth Amendment concerns addressed in *Booker*." *Id.* at 1225.   The court in *Moore* also stated that, "[f]urthermore, determining whether a prior conviction was for a "violent felony" involves an inquiry intimately related to whether a prior conviction exists, and therefore falls within the prior convictions exception to the *Apprendi* rule. *Id.*

In this case, the same is true in regard to determining whether Petitioner had an "aggravated criminal conviction." Determining whether a given felony constitutes an aggravated criminal conviction is a question of law and not fact, and therefore the Sixth Amendment does not require that determination to be made by a jury.

Petitioner's ineffective assistance claim also lacks merit. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Because the court has concluded that *Booker* does not apply to the determination that a prior conviction constitutes an "aggravated criminal conviction," Petitioner cannot establish either of the required prongs.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 26th day of January, 2006.

BY THE COURT:

DALE A. KIMBALL
United States District Judge